UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80229-Cr-Middlebrooks/Brannon(s)

UNITED STATES OF AMERICA

v.

ANTONIO RACHAUD BURNS,

        Defendant.
_____/

## *PLEA AGREEMENT*

The United States of America and ANTONIO RACHAUD BURNS (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts One and Three of the Superseding Information. Count One charges the defendant with possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(a)(1). Count Three charges the defendant with possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2. The United States agrees to seek dismissal of Count Two of the Superseding Information after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed. The defendant is also aware that the guidelines do not provide for parole.

4. The defendant understands and acknowledges that, as to **Count One**, the Court may impose up to a statutory maximum term of twenty (20) years imprisonment, followed by a minimum term of supervised release of three (3) years up to a maximum term of life, and a maximum fine of $1 million. As to **Count Three**, the Court must impose a statutory mandatory-minimum term of five (5) years imprisonment up to life imprisonment *to be served consecutively to the term of imprisonment imposed for Count One*, followed by a maximum term of five (5) years of supervised release and a maximum fine of $250,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200

will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. In exchange for the agreements made by the defendant in this plea agreement, the Government will move to dismiss Count Two of the Superseding Information after sentencing. The defendant agrees and acknowledges that if he was convicted of the charge contained in Count Two, felon in possession of a firearm, he would face a higher advisory guideline range under U.S.S.G. § 2K2.1 than he faces under U.S.S.G. § 2D1.1 (which is used to calculate the guideline range for Count One).

7. Although not binding on the probation office or the Court, the United States and the defendant agree that they will jointly recommend that the defendant's sentence in this case run concurrently with the defendant's state sentence that will be imposed in case no. 2018CF5899 pending in the Fifteenth Judicial Circuit in and for Palm Beach County. The defendant also understands that this agreement does not in any way bind the State Attorney's Office nor the state court judge.

8. The defendant abandons his interest in One (1) Romarm, model WASR 10, 7.62x39 mm rifle, and approximately twenty-nine (29) rounds of Tulammo ammunition. Defendant further stipulates that the properties are contraband and may be destroyed.

9. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

10. **The defendant agrees and acknowledges that the United States will <u>not</u> seek the one point reduction for acceptance of responsibility, pursuant to U.S.S.G. 3E1.1(b), because of the time and resources that the Government has expended in preparing for trial. Although the defendant may seek the two point reduction for acceptance of responsibility from the Court (and the Government will take no position on this request), the defendant agrees and acknowledges that the Court may deny the defendant's request and that is a chance that the defendant takes with his guilty plea. If the Court denies the defendant's request for a two level reduction for acceptance of responsibility, the defendant may <u>not</u> withdraw his guilty plea. The defendant agrees and acknowledges that counsel has explained to him the potential advisory guideline ranges that the defendant faces both if the Court were to award the reduction for acceptance of responsibility, and if the Court declines to award the reduction for acceptance of responsibility.**

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the

4

recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if either: ~~(a) the Court declines in the exercise of its discretion to follow the parties' joint sentencing recommendation of 15 months imprisonment as to Count One and a consecutive 60 months imprisonment as to Count Three; or,~~ (b) the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that: (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

5

By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

13. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial, to cross-examine the government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is fully satisfied with the representation provided by his attorney.

14. This is the entire agreement and understanding between the United States and the defendant. <u>There are no other agreements, promises, representations, or understandings between the parties.</u>

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 5/22/19         By: _____
                          RINKU TRIBUANI
                          ASSISTANT UNITED STATES ATTORNEY

Date: 22 May 19       By: _____
                          OMAR GUERRA JOHANSSON
                          ATTORNEY FOR DEFENDANT

Date: 22 May 19       By: _____
                          ANTONIO RACHAUD BURNS
                          DEFENDANT